IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

NO. 10-7


DUSTIN JOHN HIGGS,
Petitioner-Appellant,

v.

UNITED STATES OF AMERICA
Respondent-Appellee.


On Appeal from the United States District Court
District of Maryland
Criminal No. PJM-98-0520, Honorable Peter J. Messitte, U.S.D.J.


**HIGGS' MOTION FOR A CERTIFICATE
OF APPEALABILITY PURSUANT TO RULE 11,
RULES GOVERNING SECTION 2255
PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS,
FEDERAL RULE OF APPELLATE PROCEDURE 22,
AND 28 U.S.C. § 2253(c)**

Leigh Skipper, Esq.
Chief Federal Defender
Angela Elleman
Matthew Lawry
Michael Wiseman
Assistant Federal Defenders
Federal Community Defender Office
Eastern District of Pennsylvania
Suite 545 West – The Curtis Center
Philadelphia, PA 19106
215-928-0520

Stephen H. Sachs
Wilmer Cutler Pickering Hale
& Dorr, LLP
5 Roland Mews
Baltimore, MD 21210
410-532-8405

**INTRODUCTION**

This is an appeal from the district court's denial of a Motion pursuant to 28 U.S.C. § 2255 challenging the capital convictions and death sentences imposed on Appellant, Dustin J. Higgs, by the United States District Court for the District of Maryland, 98-0520. The district court denied relief, without a hearing or argument, and denied a certificate of appealability.

Higgs hereby moves for a Certificate of Appealability (COA) pursuant to Rule 11, Rules Governing Section 2255 Proceedings for the United States District Courts, Federal Rule of Appellate Procedure 22, and 28 U.S.C. § 2253(c). In support of this motion, he makes the following showing.

Concurrent with the filing of this motion, Higgs files his Initial Brief on Appeal raising the following constitutional errors:

1. Higgs is actually innocent, and but for counsel's ineffective representation and the Government's suppression of exculpatory evidence, no reasonable jury would have found him guilty;

2. Higgs' convictions were based on matches of bullets using Comparative Bullet Lead Analysis (CBLA), which has since been discredited as "junk" science, in violation of the Due Process Clause of the Fifth Amendment and Higgs' Sixth Amendment right to effective counsel;

1

3.     The Confrontation Clause of the Sixth Amendment was violated in both the guilt and penalty phases of trial when his co-defendant's out-of-court statements were used against Higgs;

4.     The petit jury was selected in violation of <u>J.E.B. v. Alabama ex rel. T.B.</u>, 511 U.S. 127 (1994), when the Government struck all women from the venire, resulting in a jury composed entirely of men in violation of the Due Process and Equal Protection Clauses of the Fifth Amendment;

5.     Trial counsel rendered ineffective assistance during the penalty phase when they failed to investigate and present a variety of compelling mitigating evidence in violation of the Sixth Amendment.

6.     Higgs' prior convictions for (A) a drug offense and (B) assault and reckless endangerment, all of which post-dated the instant offense, did not qualify as statutory aggravating factors.  Their submission to the jury violated the Fifth, Sixth and Eighth Amendments;

In addition to the six above listed substantive constitutional claims for relief, Higgs also appeals two procedural rulings made by the district court: one denying him discovery related to Claim 1, 2 and 3; and the second related to the district court's denial of an evidentiary hearing. In the event that the Court grants COA as to even one of the above six claims, Higgs does not require a COA to pursue these procedural rulings. <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000) (if appellant presents a COA-worthy substantive constitutional claim, a COA is not required to pursue district court's

procedural rulings).

The rules and standards governing an application for a COA are found at 28 U.S.C §2253, which states in relevant part:

(a)    In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

* * *

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –

* * *

(B)    the final order in a proceeding under § 2255.

(c)(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of the constitutional right.

(c)(3) The certificate of appealability under the paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

Under the "substantial showing of the denial of a constitutional right" standard of 28 U.S.C. §2253(c)(2), a petitioner need only "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed

further." Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983) (internal citations and quotation marks omitted).

Barefoot's standard was reaffirmed in Slack v. McDaniel, 529 U.S. 473, 484 (2000) and in Miller-El v. Cockrell, 537 U.S. 322 (2003). Miller-El, reaffirmed that a COA should be allowed when a petitioner's case is "debatable," or the issues could be "resolved in a different manner," or when the case "deserve[s] encouragement to proceed further." See id. at 336.

Miller-El also indicated that "a COA does not require a showing that the appeal will succeed.":

> The holding in *Slack* would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail. It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner has already failed in that endeavor.
>
> * * *
>
> We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

Miller-El, at 336-38 (internal quotation marks and citations omitted).

In capital cases, "the nature of the penalty is a proper consideration in

determining whether to issue a certificate of appealability." <u>Barefoot</u>, 463 U.S. at 893. Because this case involves the death penalty, "any doubts as to whether a certificate of appealability should issue must be resolved in [Mr. Higgs'] favor." <u>Morris v. Dretke</u>, 379 F.3d 199, 204 (5th Cir. 2004), <u>citing</u> <u>Hernandez v. Johnson</u>, 213 F.3d 243, 248 (5th Cir. 2000).

Higg's Initial Brief, filed along with this motion, shows that he has met these standards and his above-enumerated claims are COA-worthy.

WHEREFORE, Higgs respectfully requests that the Court grant him COA on each of the six above enumerated claims setting forth substantive violations of constitutional rights.

Respectfully Submitted,


/s/ Angela Elleman
_____

Angela Elleman
Assistant Federal Defender
Capital Habeas Corpus Unit
Federal Community Defender Office
Eastern District of Pennsylvania
Suite 545 West – The Curtis Center
Philadelphia, PA 19106
215-928-0520
Signing for all Counsel

Dated:       Philadelphia, PA
                  December 6, 2010

**Certificate of Service**

I, Angela Elleman, hereby certify that on this 6th day of December 2010 the foregoing was electronically served on the following by ECF:

Deborah A. Johnston
Assistant United States Attorney
Office of the United States Attorney
6500 Cherrywood Lane, Suite 400
Greenbelt, MD 20770-1249

/s/ Angela Elleman

_____
Angela Elleman