

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Northern Division*

---

*Rod J. Rosenstein*
*United States Attorney*

*Jonathan Biran*
*Appellate Chief*

*36 South Charles Street*
*Fourth Floor*
*Baltimore, Maryland 21201*

*DIRECT: 410-209-4920*
*MAIN: 410-209-4800*
*FAX: 410-962-3091*
*TTY/TDD: 410-962-4462*

September 16, 2011

BY ECF

The Honorable Patricia S. Connor
Clerk
United States Court of Appeals for the Fourth Circuit
Lewis F. Powell, Jr. U.S. Courthouse Annex
1100 East Main Street, Suite 501
Richmond, VA 23219-3517

　　　　Re:  *United States v. Dustin Higgs*, Case No. 10-7

Dear Ms. Connor:

　　　　I write in response to the Notice the Court issued yesterday in the above-referenced appeal, in which the Court made clear that it is concerned about the United States' failure to file its Response Brief on May 18, 2011, after the Court that afternoon denied the United States' motion for a two-day extension of time.  At the outset, I wish to say that the United States regrets that it did not file its Response Brief timely.  As explained in more detail below, I had not yet completed my supervisory review of the brief when the Court denied the motion for the extension of time on the afternoon of May 18.  In light of: (1) the importance of filing a brief that I believed was of the highest possible quality in this death penalty case; (2) the fact that the case was on the awaiting argument calendar and therefore would be argued no earlier than September 2011; and (3) the case manager's advice that the United States file a motion for leave to file out of time, I made the judgment that the best course of action at that point was to file the Response Brief two days out of time.  We take our obligations to the Court seriously, and certainly meant no disrespect to the Court.

Assistant United States Attorney Sandra Wilkinson will argue this case for the United States on September 21. AUSA Wilkinson will be prepared to address the issue the Court has raised. However, I believe it is important that I respond personally to the Court's notice in advance of the argument, as the fault for the United States' untimely filing lies completely with me.

On May 2, 2011, the Court granted the United States' second motion for a continuance, and directed the United States to file its Response Brief no later than May 18, 2011. In its order, the Court did not state that any further requests for an extension of time to file the Response Brief would be disfavored.

Our office policy requires all merits briefs to be reviewed and approved by the Appellate Chief prior to filing in the Court of Appeals. AUSA Wilkinson provided me with her draft of the Response Brief on or about May 11, 2011. Normally, one week would have been more than sufficient time for me to complete my review and return the brief for final editing and filing. However, that week turned out to be busier than I had expected. First, I was in Richmond from May 11-13. While in Richmond, I assisted our attorneys in their preparations for their oral arguments before the Court, and I argued on behalf of the United States in the case of *United States v. Russell Lee,* No. 09-4516, on Friday morning. After I returned to Maryland Friday afternoon, I spent the rest of that day and a substantial part of the weekend working on our Response Brief. However, I had several other projects that also demanded attention that weekend and the following week, particularly the United States' Opening Brief in our affirmative appeal in *United States v. Travis Gaines*, No. 11-4032, which was due on Tuesday, May 17. The *Gaines* brief took more of my time than I had anticipated; I did not complete my review of that brief until late in the afternoon on Tuesday the 17th.

I returned to the *Higgs* brief late in the day on the 17th, only then realizing that I would not be able to complete my review for final editing and filing on May 18. Thus, at approximately 6:00 p.m. on Tuesday, May 17, I asked AUSA Wilkinson to file a motion asking for two more days in which to file the Response Brief. AUSA Wilkinson filed the motion at approximately 9:30 on Wednesday morning.

In hindsight, I recognize that I should have come to the conclusion earlier in the week that I would be unable to complete my review in time to file the brief on Wednesday. Had I done so, we would have filed the motion for the two-day extension of time before the day the brief was due. Such a course of action would have been preferable. However, until late in the day on Tuesday, I thought – as it turns out, incorrectly – that it would be possible for me to complete my review in time to file the brief on Wednesday.

When I asked AUSA Wilkinson to file the motion asking for two additional days, I fully expected that the Court would grant it, based on my experience supervising our attorneys' appellate practice and based on my own practice before the Court. First, we were asking for a very short additional amount of time to file the Response Brief. In my experience, the Court had not previously denied a request by our Office for such a short extension of time. Second, as noted above, the Court's May 2 Order granting the two-week continuance to May 18 had not included language indicating that any further requests for an extension of time would be disfavored. Third, with the case on the awaiting calendar for argument and the next oral argument session not until September 2011, a two-day extension of time to file the United States' Response Brief would not affect the oral argument schedule. Finally, Higgs consented to the United States' motion.

Thus, when we learned at approximately 3:40 on Wednesday afternoon that the Court had denied the motion for a further two-day extension of time, we frankly were caught off guard. AUSA Wilkinson immediately called the case manager and asked for guidance about how to proceed in light of the fact that our internal review of the brief was not yet complete. The case manager advised AUSA Wilkinson that we should file the brief on May 20 along with a motion for leave to file two days out of time. After speaking with the case manager, AUSA Wilkinson reported the details of their conversation to me and asked me how we should proceed. It was regrettable we found ourselves – due to my scheduling difficulties – in a position where our choice was either to file a brief with which I was not yet comfortable or to file it two days out of time. But I concluded that, in light of the case manager's advice, the preferable course was to complete my review of the Response Brief with appropriate care. Thus, we filed the brief on Friday, May 20, along with a motion for leave to file two days out of time. On June 2, 2011, the Court granted our motion to file the brief out of time.

To be clear, I do not mention the case manager's advice to AUSA Wilkinson to suggest in any way that such advice excuses my time management failure earlier in the week. I realize I should not have allowed my schedule to get to the point where we needed to ask for the two additional days, or at the very least, I should have recognized the problem sooner and asked AUSA Wilkinson to file the motion for the two-day extension earlier in the week. I apologize for my errors. The United States should always ensure that it is able to comply with this Court's (or any Court's) order.

We appreciate that the Court granted our motion to file the Response Brief two days out of time. I will strive to ensure that my colleagues and I do not ever again have to choose between filing a brief of appropriate quality and filing it on time.

Thank you for your consideration of this letter.

Very truly yours,

ROD J. ROSENSTEIN
UNITED STATES ATTORNEY

By:   _____/s/_____

Jonathan Biran
Appellate Chief

cc (via ECF):  Angela Elleman
Matthew C. Lawry
David L. McColgin
Stephen H. Sachs